FILED

Jul 27 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

United States of America
v.
Amanda Christine Riley

*Defendant(s)*

Case No. CR 20-71012-MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 22, 2015 in the county of Santa Clara in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1343 | Wire Fraud |

This criminal complaint is based on these facts:

Please see attached affidavit of Arlette Lee

Approved as to form: Scott Simeon, AUSA Scott Simeon

☑ Continued on the attached sheet.

/S/ Arlette Lee
*Complainant's signature*

IRS Special Agent Arlette Lee
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d)

Date: July27, 2020

*Judge's signature*

City and state: San Jose, CA

Hon. Nathanael Cousins, U.S. Magistrate Judge
*Printed name and title*

Print | Save As... | Attach | Reset

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Arlette Lee, Special Agent of the Internal Revenue Service – Criminal Investigation ("IRS"), being duly sworn, hereby declare as follows:

### INTRODUCTION AND AFFIANT'S BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Amanda Christine Riley (RILEY) with wire fraud in violation of 18 U.S.C. § 1343.

2. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I am a Special Agent of the United States Department of the Treasury, Internal Revenue Service – Criminal Investigation (IRS-CI) and have been so employed since January 1996. As an IRS-CI Special Agent, my duties include the investigation of criminal violations of the Internal Revenue Code (Title 26, United States Code), Money Laundering Statutes (Title 18, United States Code), Bank Secrecy Statutes (Title 31, United States Code), and other financial related crimes.

4. I completed the required Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia. This training included criminal investigative training such as courses in law enforcement techniques, federal criminal statutes, conducting criminal investigations, and the execution of search warrants. This training also included instruction in the law of search and seizure under the Fourth Amendment of the United States Constitution. In addition to the criminal investigative training, I also completed a Special Agent Basic Training course, which included courses in financial investigative techniques, legal principles, and statutes representing criminal violations of the United States Code as enumerated in Titles 18, 26, and 31. In 1994, I obtained a B.A. in Psychology from the University of Hawaii at Manoa in Honolulu, Hawaii.

5. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

6. This affidavit does not set forth all my knowledge of, or investigation into, this matter, or to name all of the persons who participated in the offense. I base this affidavit on my own investigation and the review of records provided to me by financial institutions and other records obtained throughout this investigation. I have summarized information, including information received from law enforcement officers, victims, witnesses, documents, and records. I have set forth those facts that I believe are sufficient to support the issuance of the requested complaint.

**APPLICABLE LAW**

7. Title 18, United States Code, Section 1343 provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation … affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**FACTS SUPPORTING PROBABLE CAUSE**

8. Beginning no later than October 2012 and continuing through at least February 2016, RILEY, while residing in San Jose, California, claimed to have Hodgkin's lymphoma, a type of cancer. She chronicled her purported illness on social media, including on Facebook, Instagram, Twitter, and her blog, and she used her purported illness as a basis to solicit donations to help pay for her claimed medical expenses. In truth, as RILEY knew, she did not have Hodgkin's lymphoma and had not been diagnosed with or treated for Hodgkin's lymphoma or any other type of cancer. RILEY received donations from victims but did not use the donated money to pay for medical expenses associated with Hodgkin's lymphoma. Instead, the donations were deposited into RILEY's personal bank account and used to pay for her personal expenses.

9. From at least as early as October 2012, RILEY claimed on social media to have been diagnosed with cancer in June 2012. Her online website, located at http://lymphomacansuckitblogspot.com, chronicled her alleged battle with cancer. The website included photos of RILEY at hospitals ostensibly receiving cancer treatment, her alleged cancer medications, friends and family wearing "Team Amanda" bracelets, gifts from supporters, and numerous references to fundraisers held for her benefit. RILEY also claimed to have traveled to New York, New York, to receive cancer treatments and asked for donations to help defray her travel costs.

10. In September 2013, her website added a link to a support page, http://www.supportamanda.com. The support page encouraged visitors to donate money to assist with expenses associated with RILEY'S purported illness. It also featured a "donate now" button and clickable links for visitors to donate money online. For example, on February 8, 2014, the support page read:

> **Amanda's Battle With Cancer**
> Everyone was so thrilled to learn Amanda beat Hodgkin's Lymphoma in Spring 2013, but unfortunately, it has returned. The next year will be the **battle of her life**, and Amanda needs everyone's help. Her treatment plan will require 1-2 months of hospitalization in early 2014 to administer 4-rounds of BEAM Chemotherapy, and several rounds of low-dose radiation that will kill her cancer cells. These therapies will also kill her stem cells/bone marrow, requiring an immediate bone marrow transplant (ASCT) to bring her back to life! She is beginning oral chemo therapy 9/1 on a new wonder drug which will slow the growth of her cancer cells while she undergoes surgeries for bone marrow harvesting over the next 4-5 months. Click here to read more about her treatment plan.
>
> **How Can You Help?**
> Amanda had been a ray of sunshine in all our lives, and we all will continue to share our love and emotional support, keeping her always in our prayers. While we can't control the cancer, or the daily toll this battle will have … we **can** help minimize some of their stress by reducing the financial burden of medical bills and daily living expenses. Open your hearts and help Amanda and her family through this difficult time. No donation is too small; even $5 a month can make a difference.

11. The support page was updated periodically with news on RILEY's purported "battle with cancer":




**Amanda's Battle With Cancer**

Amanda battle with Hodgkin's Lymphoma began in June 2012. Everyone took comfort knowing it was a highly treatable cancer. In Spring 2013 she had a brief remission, but cancer returned with a vengeance by Summer, and she learned at the same time she was pregnant which obviously complicated her treatment. One round of chemo is savage, but after 3 different chemo regimens her battle with cancer officially became a war. Treatable HL has now become Stage 4 Primary Refractory Hodgkin's Lymphoma with Lung Metastasis. Current scientific research combined with the way the disease and chemo have ravaged her body, her battle for a cure has instead become a battle for **time**:




. . . .

This "**time**" Amanda is fighting for is currently in the form of a prolonged remission, with no evidence of disease in her testing and scans. She is currently taking a cutting edge PD-1 drug, plus an additional antiangiogenic agent. Because this new drug is so cutting edge, there is no active trial for the drugs she needs, so she travels to New York to receive the drug off trial, a $1300 out of pocket every 2-3 weeks. There is the possibility of a coming trial in the US, but joining a trial could require relocation. But for now, she must travel to NYC every 60 days or so. Best case if the current combination can keep her in remission for 18 months, she could flirt with the idea of an allo transplant. But given the lung damage, heart issues, neuropathy, and numerous other side effects, it's a real uphill battle to be physically strong enough to survive a transplant even IF the cancer is under control.

12. In addition to receiving donations through her support page, RILEY also received money from donors via checks that were deposited into her personal bank account. Sources of the check donations included her friends, family, and members of her church who believed that she was suffering from cancer.

13. RILEY also received donations from various fundraisers organized by other people, including a Facebook challenge, CrossFit fundraiser, Christmas ornament sale fundraiser, quilt raffle, Chili's Grill & Bar fundraiser, calendar sales, and eBay auctions of various items,

including an electric guitar autographed by American country music artists such as John Michael Montgomery and LeAnn Rimes. The people who organized these fundraisers did so because they believed RILEY was suffering from cancer, and the stated purpose of these fundraisers was to raise money for her supposed cancer-related expenses.

14. Between September 13, 2013, and March 15, 2016, RILEY received 447 donations totaling $60,272.43 though her support page, http://www.supportamanda.com. Donations were made by debit, credit, and prepaid cards. Payments made to http://www.supportamanda.com were processed through Stripe, Inc., a payment processor. After the funds were received by Stripe, Stripe transferred the funds, less fees, into RILEY's USAA bank account number -789. In total, $58,256.86 was deposited into RILEY's -789 bank account through Stripe. The transfer of the donated money from Stripe was initiated in the Northern District of California from Stripe's Wells Fargo bank account, and travelled in interstate commerce to RILEY's -789 USAA bank account.

15. For example, on or about September 22, 2015, in the Northern District of California, victim L.B. electronically wired $1,000 by making two credit card payments of $500 each through http://www.supportamanda.com. L.B. believed that the donations to RILEY would be used to help pay for expenses associated with her cancer, including airfare to New York for cancer treatment and medications that were not covered by insurance. L.B. believed this to be the case because of representations RILEY made on her website and on Facebook, and to other individuals. L.B. would not have donated money to RILEY if L.B. had known that RILEY did not, in fact, have Hodgkin's lymphoma.

16. RILEY claimed at various times and to various individuals to be receiving cancer treatment at specific hospitals, including Kaiser Permanente, City of Hope National Medical Center, Johns Hopkins Hospital, Columbia University Hospital, and UCSF Medical Center. In truth, as RILEY knew, she was neither diagnosed with cancer nor treated for cancer at any of these institutions at any time between June 2012 and the present.

17. Moreover, in order to further and to conceal her scheme to defraud, RILEY

falsified medical records. For example, on or about April 6, 2016, RILEY altered a doctor's note to read that she was "in treatment for cancer." In truth, as RILEY knew, her doctor did not write that note because RILEY had not been diagnosed with Hodgkin's lymphoma or any other type of cancer and was not being treated for Hodgkin's lymphoma or any other type of cancer.

## CONCLUSION

18. In summary, I respectfully submit that there is probable cause to believe that RILEY, knowingly and with the intent to defraud, did devise, participate in, and execute a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts, and, in furtherance of and for the purpose of executing this scheme and artifice, and attempting to do so, did knowingly transmit and cause to be transmitted writings, signs, and signals, in interstate and foreign commerce by means of wire communications, namely, a wire transfer of $500 from L.B. to RILEY's -789 USAA bank account, through servers in more than one state, in the Northern District of California, in violation of Title 18, United States Code, Section 1343.

/S/ Arlette Lee
ARLETTE LEE
Special Agent
Internal Revenue Service – Criminal Investigation
United States Department of Treasury

Sworn to before me over the telephone and signed by me pursuant to FED. R .CRIM. P. 4.1 and 4(d) on this 27th day of July 2020.

HON. NATHANAEL COUSINS
United States Magistrate Judge

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT [ ] INFORMATION [ ] INDICTMENT [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

## OFFENSE CHARGED

18 U.S.C. § 1343 – Wire Fraud

[ ] Petty
[ ] Minor
[ ] Misde-meanor
[X] Felony

PENALTY: Maximum Prison Term: 20 Years
Maximum Supervised Release Term: 3 Years
Maximum Fine: $250,000 or twice the gross gain or gross loss, whichever is greater
Special Assessment: $100

## DEFENDANT - U.S

Amanda Christine Riley

DISTRICT COURT NUMBER

CR 20-71012-MAG

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

IRS Special Agent Arlette Lee

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY [ ] DEFENSE
SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: David L. Anderson
[X] U.S. Attorney [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Scott Simeon

## DEFENDANT

**IS *NOT* IN CUSTODY**

1) [X] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

FILED
Jul 27 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**IS IN CUSTODY**

4) [ ] On this charge

5) [ ] On another conviction } [ ] Federal [ ] State

6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? [ ] Yes [ ] No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

[X] SUMMONS [ ] NO PROCESS* [ ] WARRANT Bail Amount:

If Summons, complete following:
[ ] Arraignment [X] Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: August 27, 2020 Before Judge: Susan van Keulen

Comments: